58 CCPA

**Application of Gerard MEUNIER.**

**Patent Appeal No. 8365.**

United States Court of Customs and Patent Appeals.

Dec. 10, 1970.

unit. The invention is particularly concerned with simplifying, and reducing the manufacturing cost of, such multiple glazing units. It is asserted that production of units of this type has heretofore been relatively difficult, time consuming and expensive since it involved the multiple steps of attaching one or more support elements to one glass pane, inverting the resulting partial unit, and then attaching the element to the other pane.

Appellant has discovered that a simplified glazing unit can be produced by a one-step soldering method as compared to the multiple-step methods of the prior art. A fragmentary cross-sectional view of the resulting glazing unit is shown in Fig. 2, and Fig. 5 shows a modification of the basic invention.

FIG. 2          FIG. 5

Harvey Kaye, Jay M. Finkelstein, Spencer & Kaye, Washington, D. C., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. R. V. Lupo, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection of claims 1–6 and 10–12 of appellant's application entitled "Glazing Unit and Method of Making Same".[1] Claims 7–9 have been allowed.

The invention relates to a glazing unit having at least two panes of glass in parallel spaced relationship, and, to a method of manufacture thereof. Such glazing units are provided for the purpose of reducing to a minimum the transfer of heat through the glazing

Fig. 2 shows two glass panes 1 and 2 disposed adjacent one another in parallel spaced relation. Each pane is provided along the marginal edges with metal film coatings 4 and 4'. The two panes are rigidly connected together by means of a solder layer 5. The solder layer may be either affixed to one of the metal film strips prior to positioning the panes for assembly and then fused by the application of heat, or the solder may be applied after the parallel positioning of the glass panes by application of heat to a soldering rod. In either case, only one solder fusing step is needed.

Fig. 5 is basically the same as the embodiment of Fig. 2, except that metal spacers 10 are used to maintain the desired space relation between panes 1 and

---

1. Serial No. 424,580 filed January 11, 1965.

2. The small metal plates 10 are placed in parallel relationship to the panes and are arranged at various spaced-apart points along the margins of the glazing unit. The metal plates 10 are held in place by the solder layer 5.

Claim 1 is illustrative of the claims directed to the glazing unit, and claim 10 illustrates the method of preparing the glazing unit:

    1. A glazing unit comprising; at least two sheets of glass in parallel spaced relation, a metal film on at least the marginal portions of said glass sheets which faces an adjacent glass sheet, and a solder layer between adjacent metal films adherent thereto and thereby joining said glass sheets into a single unit.

    10. A method of making a glazing unit comprising at least two spaced parallel panes of glass which comprises; metalizing the marginal portions of said panes of glass on at least the sides thereof facing an adjacent pane of glass, placing the panes of glass in spaced parallel relation, and filling the space between the said metalized marginal portions with a solder which adheres to the said marginal portions.

Claim 5 is directed to the modified embodiment shown in Fig. 5:

    5. A glazing unit comprising; at least two sheets of glass in parallel spaced relation, a metal film on at least the marginal portions of said glass sheets which faces an adjacent glass sheet, and a solder layer between adjacent metal films adherent thereto and thereby joining said glass sheets into a single unit, said glazing unit also comprising relatively small metal spacer plates disposed parallel to and between adjacent sheets of glass in the regions thereof bearing the metal film and holding said sheets of glass in spaced parallel relation.

The appealed claims were rejected as being unpatentable under 35 USC 103. The reference relied upon is:

Haven et al. (Haven) 2,235,681 March 18, 1941

Haven discloses a glazing unit as best shown by Fig. 20:

[A3252]

Two glass panes 34 are spaced in parallel relationship, and each pane has on its margin a metal film coating 73. A separator strip 29 is inserted in perpendicular relationship to the panes and is continuous around the perimeter of the glazing unit. The separator strip is soldered to the metal film coatings 73, which have a solder coating 88 on them, by solder fillets 93 and 94.

It is stated in Haven that the space between the glass panes is dependent on the width of the separator strip 29. From this the examiner reasoned that it would be obvious to one having ordinary skill in the art that the width of the separator strip could be reduced to zero in the event its use resulted in an over-all panel thickness greater than that desired. In regard to the method, the examiner concluded that in the event the width of the strip were reduced to where the solder edging covered the entire width thereof, the solder would fill the space between the metallic coatings as claimed. As to claims 5 and 6, the examiner stated that "whether the spacer 29 of Haven et al is disposed parallel (claim 5) and comprises 'relatively small spaced apart * * * plates' (claim 6) is considered no more than a matter of choice or design within the purview of one having ordinary skill in the art." In affirming the examiner, the board essentially adopted his reasoning as just set forth.

As is apparent from the reasoning of the examiner and the board, the key to the rejection of the claims directed to the

basic glazing unit and the method of making it is whether it would be obvious to one of ordinary skill in the art to reduce the width of the separator 29 of Haven to the point where the solder fillets 93 and 94 on one glass pane join the solder fillets 93 and 94 on the other glass pane. The examiner points out that reducing the width of the separator strip to zero would achieve this joining of the solder fillets. Appellant contends that the width of the separator of Haven cannot be reduced to zero without defeating the purpose for which it was intended, and thus would be directly contrary to the teachings of Haven.

We agree with appellant. It is disclosed in Haven that a major characteristic of the separator strip is that it be flexible or ductile to take up differences of expansion contraction, and strains on the entire assembled unit. It is stated in Haven that:

> With our construction, the metallized coatings and separator strips do not literally constitute a rigid, nonyielding unit, but rather are composed of separate elements joined together with solder or other material of sufficient magnitude to give adequate strength but yet ductile enough to compensate at least in part for some of the stresses and strains to which the glazing unit as a whole is subjected when in use.

The stresses and strains referred to are those which result, for example, in a building in the wintertime when the outside sheet of glass is subjected to relatively low temperatures while the inner sheet of glass is exposed to relatively high temperatures. The whole import of the Haven disclosure is to provide a workable thermal glazing unit with a flexible joint between the two glass panes. The use of a ductile and flexible separator strip is essential to such a flexible joint. It is noted, for example, that appellant states that a rigid joint results from his bond of solder only. It is not believed obvious to one of ordinary skill in the art to eliminate the flexible separator strip of Haven in order to form a rigid joint of solder only, since Haven teaches that a flexible joint is necessary for a workable thermal glazing unit. To modify Haven as the examiner suggested is thus clearly contrary to the whole purpose and teaching of Haven.

The same is true in regard to claims 5 and 6 where appellant recites the addition of metal plates 10 placed in parallel between the glass panes. In Haven it is stated that:

> The separator strip 29 is preferably made of lead. * * * We have used $\frac{1}{64}''$ and $\frac{1}{32}''$ thick lead strips, but the thinner thickness presented too great a difficulty in the soldering operations with rapid melting down due to soldering iron temperatures and alloy action with the solder. The thicker lead strips overcame these difficulties but in certain sizes and lengths appeared to have too much rigidity.

It would not be, as the Patent Office contends, merely a matter of choice or design to use separators of less width but greater thickness or to position the separators of Haven in parallel relationship to the glass panes. Clearly, such changes would lead to a rigid joint which is directly contrary to the teachings of Haven. One of ordinary skill in the art would not alter the design or position of the separator strip when such an alteration would lead to an effect which the only reference available teaches results in unworkable glazing units.

It is apparent from our analysis of Haven that any suggestion of eliminating the separator strip of Haven or changing its position with respect to the glass panes is based solely on the examiner's hindsight and cannot be attributed to the teachings of Haven. In fact, such suggestions are directly contrary to what Haven teaches as necessary for a workable glazing unit and thus would not be obvious to one of ordinary skill in the art.

Accordingly, the decision of the board is reversed.

Reversed.

BALDWIN, Judge (dissenting).

I agree that Haven teaches that the use of his flexible and ductile separator strip between the metal film on the facing marginal edges of his glass sheets results in a structure superior to a rigid non-yielding unit. Nevertheless, I am convinced that a person skilled in this art, if he would be satisfied with a unit lacking Haven's advantages, would find it obvious that the metal-coated margins of the glass sheets could be soldered directly together. It seems clear to me that such person would readily recognize that an obvious way to make a rigid structure would be to position the glass sheets with the desired spacing between the marginal edges and then simply solder the edges together. A prima facie case of obviousness has been made out and the board's opinion should be affirmed.